UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| NESTOR LABASTIDA | Case No.: |
| Plaintiff, | |
| v. | |
| TEAM LANDWAY LOGISTICS LLC. and WILSON GARCIA | |
| Defendants. | |

## - <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u> -

Plaintiff NESTOR LABASTIDA by and through the undersigned counsel, hereby files this Complaint against the abovenamed Defendants, TEAM LANDWAY LOGISTICS LLC. and WILSON GARCIA.

## NATURE OF THE CASE

1.  This is an action brought by Plaintiff NESTOR LABASTIDA, (hereafter "Plaintiff") against his former employers, Defendants TEAM LANDWAY LOGISTICS LLC. and WILSON GARCIA (hereafter referred to as "Defendants") for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA"), and to recover unpaid wages.

2.  During the term of Plaintiff's employment, Defendants had practice of paying only a day rate of $120, and not paying Plaintiff for hours worked in excess of forty in a workweek at a rate of 1.5 times Plaintiff's regular

rate of pay.  Additionally, Defendants failed to pay Plaintiff for several days of work.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction conferred by 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over Plaintiff's state law wage claims pursuant to 28 U.S.C. § 1367 because they arise from a common nucleus of operative facts and are so related to Plaintiff's FLSA claims, to constitute the same case or controversy under Article III of the U.S. Constitution.

4.  Venue is proper in the Tampa Division of the Middle District of Florida under Local Rule 1.02 of the Local Rules of the Middle District of Florida. Tampa has the greatest nexus with the cause because it is the place where Plaintiff provided services and Defendants conducted business.

## PARTIES

5.  Plaintiff, NESTOR LABASTIDA, a resident of Hillsborough County, was a former employee of Defendants who worked for Defendants as a driver.

6.  Plaintiff, NESTOR LABASTIDA, is an employee as defined by the laws under which this action is brought.

7.  Defendants TEAM LANDWAY LOGISTICS LLC. and WILSON GARCIA are employers as defined by the laws under which this action is brought.

8.  Defendant TEAM LANDWAY LOGISTICS LLC. is a Florida Limited Liability Company organized and existing under and by virtue of the laws of Florida.

9.  Defendant WILSON GARCIA is an individual resident of the State of Florida, who owned and/or operated TEAM LANDWAY LOGISTICS LLC. and who regularly: a) exercised control over the day-to-day operations of said entity; b) had personal and direct involvement in employment affairs (including Plaintiff's); c) hired and fired employees; d) established employee work schedules (including Plaintiff's); e) regulated Plaintiff's hours; f) controlled terms of employment (including Plaintiff's terms); g) had the authority to set employee wages (and exercised such authority by setting Plaintiff's day rate), and h) discussed the subject of wages with Plaintiff.

**COVERAGE**

10.  Defendant TEAM LANDWAY LOGISTICS LLC. was an enterprise engaged in commerce or in the production of goods for commerce, covered by the FLSA, and as defined by 29 U.S.C. § 203.

11.  Defendant TEAM LANDWAY LOGISTICS LLC. is entity that provides logistic support, intrastate delivery services, truck and auto services, and hauling. TEAM LANDWAY was engaged in commerce as defined by 29 U.S.C. § 203, inter alia, by accepting payment from its customers

through the use of credit cards and checks from banks located outside the state of Florida.

12.    Upon information and belief, Defendants' annual gross volume of sales exceeded $500,000/year at all relevant times.

13.    Defendants TEAM LANDWAY LOGISTICS LLC. and WILSON GARCIA are employers within the definition of the FLSA, 29 U.S.C. § 203.

14.    The services performed by Plaintiff were essential, necessary, and an integral part of the business conducted by Defendants.

## FACTUAL BACKGROUND

15.    Plaintiff NESTOR LABASTIDA was employed by Defendants TEAM LANDWAY LOGISTICS LLC. and WILSON GARCIA from October 2018 to February 2019.

16.    Plaintiff held a driver position at the time of separation and performed his duties intrastate, within Florida.

17.    Plaintiff was paid $120.00 per day.

18.    During his employment with Defendants, Plaintiff was misclassified as an independent contractor.

19.    Defendants controlled Plaintiff hours, routes, and schedules. Defendants provided the gas, supplies, and the vehicle that Plaintiff used to perform his duties.

20.    Plaintiff did not satisfy any of the requirements for overtime exemptions set forth in the FLSA.

21. During the period covered by the employment, Plaintiff worked in excess of forty (40) hours in a workweek and was not compensated at the statutory rate of one and one-half times his regular rate of pay.

22. Specifically, Plaintiff worked 10-14 hours a day, usually six days a week, and was not paid an overtime premium for hours in excess of 40 in a workweek.

23. There was no timekeeping system used to record Plaintiff's time.

24. Additionally, Defendants failed to pay Plaintiff for several days of work. Plaintiff requested his pay repeatedly.

25. Defendants failed to pay the corresponding wages, alleging vehicle damage.

26. Notwithstanding, Defendants deducted $32.00 from Plaintiff's payroll checks, allegedly for insurance.

27. Defendants TEAM LANDWAY LOGISTICS LLC. and WILSON GARCIA were aware that Plaintiff was working in excess of forty (40) hours per week without proper compensation but did not cure the ongoing FLSA violations.

28. Defendants' actions were willful and/or showed reckless disregard as to whether their conduct was prohibited by the FLSA.

29. Defendant's actions set forth above also constitute a violation of the time-keeping requirements set forth by the FLSA.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA**

30.     Plaintiff NESTOR LABASTIDA re-alleges and incorporates the allegations contained in Paragraphs 1 through 29 above.

31.     Defendants TEAM LANDWAY LOGISTICS LLC. and WILSON GARCIA failed to pay Plaintiff properly for all hours worked in excess of forty (40) hours in a workweek in compliance with the FLSA.

32.     Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) in a workweek.

33.     As a result of Defendants' willful violation of the FLSA, Plaintiff NESTOR LABASTIDA is entitled to damages, liquidated damages, pre-judgment interest, attorney's fees, and costs.

**COUNT II**
**UNPAID WAGES UNDER FLORIDA COMMON LAW**

34.     Plaintiff NESTOR LABASTIDA re-alleges and incorporates the allegations contained in Paragraphs 1 through 29 above.

35.     During the period of his employment, Plaintiff NESTOR LABASTIDA performed work for Defendants TEAM LANDWAY LOGISTICS LLC. and WILSON GARCIA and Defendants agreed to compensate Plaintiff for all hours worked.

36.     Defendants TEAM LANDWAY LOGISTICS LLC. and WILSON GARCIA failed and refused to compensate Plaintiff all wages owed by failing to

pay overtime and several workdays (despite repeated payment requests made by Plaintiff).

37.    As a result of the foregoing, Plaintiff NESTOR LABASTIDA has suffered damages and has incurred in attorneys' fees and costs.

38.    Pursuant to Section 448.08, Florida Statutes, Plaintiff is entitled to reasonable attorneys' fees and costs incurred in the prosecution of his unpaid wages claim

**COUNT III**
**FLSA MINIMUM WAGE VIOLATIONS**

39.    Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 29 above.

40.    Plaintiff NESTOR LABASTIDA performed work for Defendants TEAM LANDWAY LOGISTICS LLC. and WILSON GARCIA for which he was not compensated.

41.    Defendants TEAM LANDWAY LOGISTICS LLC. and WILSON GARCIA did not pay Plaintiff the minimum wage required by the FLSA by refusing to pay for several workdays (despite repeated requests).

42.    The actions of Defendants set forth above of failing to pay Plaintiff the statutory minimum wage constitute a violation of 29 U.S.C. §206.

43.    Defendants' actions were willful and/or showed reckless disregard for the provisions of the F.L.S.A.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff NESTOR LABASTIDA respectfully requests judgement against Defendants TEAM LANDWAY LOGISTICS LLC. and WILSON GARCIA, and the following damages:

a.  Unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

b.  Liquidated damages in an amount equal to the overtime compensation owed in accordance with 29 U.S.C. § 216(b);

c.  Pre-judgment interest;

d.  Attorneys' fees and costs as provided by 29 U.S.C. § 216(b);

e.  Plaintiff's minimum wage rate;

f.  Liquidated damages in an amount equal to the unpaid minimum wages owed in accordance with 29 U.S.C. § 216(b);

g.  Plaintiff's unpaid wages pursuant to Florida Common Law;

h.  Attorneys' fees and costs as provided by Section 448.08, Fla. Stat.;

i.  Such further relief as the Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff requests a jury trial to the extent authorized by law.

Dated: February 15, 2019.                    Respectfully submitted,


**CYNTHIA GONZALEZ P.A.**
1936 W MLK Blvd.
Suite 206
Tampa, Florida 33607
Telephone: 813.333.1322
Toll free: 888.WagesDue
Fax: 866.593.6771
⌨ WagesDue.com

<u>s/ Cynthia Gonzalez</u>
Cynthia M. Gonzalez
Florida Bar No. 53052
Attorney for Plaintiff
cynthia@wagesdue.com