UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NESTOR LABASTIDA,

    Plaintiff,

v.                              Case No. 8:19-cv-00419-WFJ-SPF

TEAM LANDWAY LOGISTICS LLC, and
WILSON GARCIA,

    Defendants.

---

### JOINT MOTION FOR APPROVAL AND DISMISSAL WITH PREJUDICE

Plaintiff, NESTOR LABASTIDA ("Plaintiff" or "Labastida"), and Defendants, TEAM LANDWAY LOGISTICS, LLC ("Team Landway") and WILSON GARCIA ("Garcia") (collectively referred to as "Defendants"), hereby stipulate to the dismissal of this action with prejudice pursuant to the parties' Settlement Agreement ("FLSA Settlement Agreement"), a copy of which is attached hereto for the Court's approval, as **Exhibit A**, and state:

1.    Plaintiff filed his *Complaint and Demand for Jury Trial* ("Complaint") initiating this action on February 15, 2019 (Dkt. 1) seeking the recovery of unpaid minimum wage and overtime compensation from Defendants for services he performed within the applicable statute of limitations period between approximately October 2018 to February 2019.[1]

2.    Defendants requested an extension to May 13, 2019 to file a responsive pleading to Plaintiff's Complaint, which was granted. (Dkt. 10).

---

[1] Plaintiff also asserted a claim for unpaid wages under Florida common law, which is also resolved as part of this settlement.

3. After Defendants were served with the Complaint, counsel for Defendants and counsel for Plaintiff engaged in settlement discussions, with the parties exchanging settlement proposals and counter-offers before the parties reached agreement upon the terms of settlement on April 22, 2019.

4. Under the parties' FLSA Settlement Agreement, a copy of which is attached hereto for the Court's review and approval, Defendants have agreed to pay Plaintiff $2,600.00 in consideration of Plaintiff's alleged overtime and minimum wages (and other unpaid wages[2]) and liquidated damages, and attorneys' fees of $2,500.00, and a $400.00 filing fee (payable to the Clerk of the Court).

5. The compromise reached between the parties provides Plaintiff with certainty of the amount he will recover in this case, while Defendants have eliminated the continuing cost of defending this action, and the liability exposure associated with Plaintiff's claims for damages as well as attorneys' fees and costs and Defendants' own costs of defending this action. At all times throughout this case, Plaintiff and Defendants were represented by counsel experienced in the litigation of FLSA claims, and the settlement amount and agreement are the subject of arms-length negotiations. In this regard, the parties expressly negotiated the amounts claimed by and acceptable to Plaintiff in a compromise resolution, and Plaintiff's attorney's fees and costs in this case were similarly negotiated separate and apart from the amounts to be paid to Plaintiff under the parties' agreement.

6. In agreeing upon their settlement reached herein, the parties advise the Court that they each made informed decisions after having had the opportunity to analyze their respective claims and defenses. In accordance with Eleventh Circuit precedent, judicial review and approval

---

[2] Plaintiff's unpaid wages claims under Florida law do not require approval by the Court.

of an FLSA settlement involving a compromise provides final and binding effect. <u>Lynn's Food Stores, Inc. v. U.S. Dep't of Labor</u>, 679 F.2d 1350 (11th Cir. 1982).

    7.    As the Eleventh Circuit held in <u>Lynn's Food</u>:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

<u>Id.</u> at 1352-53.

    8.    Pursuant to <u>Lynn's Food</u>, the Court's review of the parties' agreement is to determine if it is "a fair and reasonable resolution of a bona fide dispute." <u>Id.</u> at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." <u>Id.</u> at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

    (1)    the existence of fraud or collusion behind the settlement;
    (2)    the complexity, expense, and likely duration of the litigation;
    (3)    the stage of the proceedings and the amount of discovery completed;
    (4)    the probability of plaintiff's success on the merits:
    (5)    the range of possible recovery; and
    (6)    the opinions of the counsel.

<u>See, e.g.</u>, <u>Leverso v. South Trust Bank of Ala., Nat. Assoc.</u>, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); <u>Hamilton v. Frito-Lay, Inc.</u>, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287 at

*2-3, (M.D. Fla. Jan. 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. Hamilton, 2007 U.S. Dist. LEXIS at * 2-3.

9. In this litigation, Defendants vigorously deny any wrongdoing under the FLSA and contend that:

    a. Plaintiff is not entitled to any relief whatsoever.

    b. Plaintiff was an independent contractor and not entitled to minimum and/or overtime compensation.

    c. To the extent that Plaintiff was an employee, that Plaintiff was exempt from payment of overtime compensation under the Motor Carrier Act exemption.

    d. To the extent that the Motor Carrier Act exemption does not apply, that Plaintiff could only recover the half-rate since Defendants paid him on a daily rate.

    e. Defendants also deny Plaintiff's estimated overtime hours allegedly worked each workweek.

10. In this litigation, Plaintiff contends that:

    a. Plaintiff was improperly classified as an independent contractor, and that as a result of such misclassification, Plaintiff estimates that he worked between 10 and 14 hours of unpaid overtime each week for which he is owed compensation.

11. Accordingly, there is a bona fide, good-faith dispute between the parties with respect to Plaintiff's classification as an independent contractor as well as the amount of hours Plaintiff actually worked while employed by Defendants, whether he was properly paid for all hours worked, and whether he was exempt from the overtime provisions of the FLSA.

12. To avoid the costs and uncertainty of further litigation, the parties have negotiated a settlement in this matter. Pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350

(11th Cir. 1982), claims for alleged back wages arising under the FLSA may be settled or compromised with the approval of the district court or under the supervision of the U.S. Department of Labor. The Parties acknowledge that the terms of any settlement agreement resolving Plaintiff's FLSA claim must be filed with the Court for approval. As such, the parties have agreed to a written settlement agreement in the form attached hereto as Exhibit A.

13.    Based upon the foregoing, the parties therefore respectfully submit that the FLSA Settlement Agreement into which they have entered represents a fair and reasonable resolution of Plaintiff's claims consistent with the intent and purpose of the FLSA.

## Memorandum of Law

Recognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees. See Lynn's Food Stores, 679 F.2d at 1352 (citing Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 65 S.Ct. 895, 902, 89 L.Ed. 1296 (1945)). Based upon these principles, back wage claims arising under the FLSA can only be settled or compromised by employees with the approval of the district court or the Secretary of Labor. Lynn's Food Stores, 679 F.2d at 1352-1353.

To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. See id. at 1353-1354. If the settlement reflects a reasonable compromise over disputed issues of law or fact, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

(1)    the existence of fraud or collusion behind the settlement;
(2)    the complexity, expense, and likely duration of the litigation;

(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of plaintiff's success on the merits;
(5) the range of possible recovery; and
(6) the opinions of the counsel.

See Leverso v. South Trust Bank of Ala., Nat. Assoc., 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); accord Silva v. Miller, 547 F. Supp. 2d 1299, 1303–04 (S.D. Fla. 2008). "A settlement entered into in an adversarial context where both sides are represented by counsel throughout litigation 'is more likely to reflect a reasonable compromise of disputed issues.'" Gomez v. N.Y. Roma Pizza & Pasta No. 7 Inc., 2010 WL 686548 * 1 (S.D. Fla. Feb. 22, 2010). When considering whether to approve a settlement under the FLSA, the Court should keep in mind the "strong presumption" in favor of finding a settlement fair. Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977); accord Hamilton v. Frito-Lay, Inc., 2007 WL 219981 * 2 (M.D. Fla. Jan. 26, 2007).

The Court should approve the instant FLSA Settlement Agreement as a fair and reasonable resolution of a bona fide dispute between the parties. With respect to the factors identified in Leverso, there is no fraud or collusion behind the settlement. Plaintiff was represented by counsel when he made his FLSA claim against Defendants, who were also represented by counsel, and the attorneys in this case are all experienced in handling FLSA matters. The parties decided to resolve Plaintiff's FLSA claim due to the disputed issues of fact and law and the inherent risks of litigation. Furthermore, the likely expenses of continuing with litigation are far greater than the amount of the settlement. This litigation is currently in the very early stages and no discovery has been exchanged, but the Parties have exchanged initial information regarding the relevant evidence, allowing the parties to better evaluate the merits of Plaintiff's claims. It is to the benefit of all parties to resolve this case early before substantial attorneys' fees and costs are incurred.

In addition, this case involves substantial disputed issues of fact, including the number of hours actually worked by Plaintiff and the compensation he received for such hours. Should

Defendants prevail based on their pay records and other documentary evidence, Plaintiff could recover nothing and may owe a cost judgment to Defendants. Similarly, should Defendants prevail on the issue of whether Plaintiff was properly classified as an independent contractor, Plaintiff could likewise receive nothing and may owe a cost judgment to Defendants. The settlement amount is well within the possible range of recovery for Plaintiff. Finally, the parties and their respective counsel are satisfied, when considering the aforementioned issues, that the FLSA Settlement Agreement fairly resolves the dispute between them in the instant action.

"If the compromise is fair and reasonable to the employee and furthers the implementation of FLSA rights in the workplace, the court should approve the compromise." Moreno v. Regions Bank, 729 F.Supp.2d 1346 (M.D. Fla. 2010). As set forth in the FLSA Settlement Agreement, the Parties have agreed to resolve this action for $5,500.00, inclusive of attorneys' fees and costs. From the settlement amount, Plaintiff will receive $2,600.00 for alleged unpaid minimum wages and overtime wages, unpaid wages under Florida law as well as liquidated damages. Plaintiff's counsel will receive $2,500.00 in fees, and there will be a reimbursement of $400.00 in costs. Additionally, the award of attorneys' fees and costs did not compromise Plaintiff's recovery. Accordingly, the attorney's fee and cost award is fair and reasonable in light of the early stage of the litigation and the skill and experience of Plaintiff's counsel.

The parties stipulate to the dismissal with prejudice of the instant action upon Court approval of the settlement. Therefore, the parties request that the Court approve the FLSA Settlement Agreement as a fair and reasonable resolution of a bona fide dispute over FLSA provisions and dismiss this action with prejudice.

## Conclusion

The instant case involves a situation in which the Court should permit Plaintiff to settle and release his FLSA claim against Defendants. The parties have agreed to settle this case and the proposed settlement arises out of an adversarial context. Indeed, had the case progressed further in litigation, it is possible Plaintiff could recover less than the amounts set forth in the proposed FLSA Settlement Agreement or no amount at all. Accordingly, because the parties were counseled by their respective attorneys and agree that the FLSA Settlement Agreement represents a fair and equitable resolution of this matter, the parties respectfully request that the Court approve of same.

WHEREFORE, the parties pray that this Court will enter an order approving the attached FLSA Settlement Agreement, dismissing this action with prejudice, and granting any further relief the Court deems just and proper.

Dated this 21st of May, 2019

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| s/ Cynthia Gonzalez | s/ Yvette D. Everhart |
| Cynthia M. Gonzalez, Esquire | Yvette D. Everhart, Esquire, B.C.S. |
| Florida Bar No. 53052 | Florida Bar No. 0036960 |
| **Cynthia Gonzalez, P.A.** | **SASS LAW FIRM** |
| 1935 W. Dr. Martin Luther King Jr. Blvd. | 601 W. Dr. Martin Luther King Jr. Blvd. |
| Suite 206 | Tampa, FL 33603 |
| Tampa, FL 33607 | Phone: (813) 251-5599 |
| Phone: (813) 333-1322 | Fax:    (813) 259-9797 |
| Fax:    (866) 593-6771 | E-mail: yeverhart@sasslawfirm.com |
| E-mail: cynthia@wagesdue.com | Attorneys for Defendants |
| Attorney for Plaintiff | |